Luis Alberto OCHOA-GRAMAJO, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 15-73429

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 14, 2017

Salvador Ortiz, Esquire, Attorney, Law Offices of Salvador Ortiz, Los Angeles, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Jane Tracey Schaffner, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**248**

MEMORANDUM **

Luis Alberto Ochoa-Gramajo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the particular social group Ochoa-Gramajo raises in his opening brief, because he failed to raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

The IJ denied Ochoa-Gramajo's asylum claim as time-barred, and the BIA deemed the issue waived on appeal. Although Ochoa-Gramajo raises arguments regarding the merits of his asylum claim, he does not challenge the agency's dispositive determinations as to asylum in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to his asylum claim.

As to withholding of removal, Ochoa-Gramajo similarly does not challenge the BIA's dispositive determinations that he failed to establish the harm he suffered and fears was or is on account of a protected ground. *See id.* Thus, we deny the

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

petition for review as to Ochoa-Gramajo's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Ochoa-Gramajo failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya*, 524 F.3d at 1073. We reject Ochoa-Gramajo's contention that the agency erred in its analysis.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**